474 P.2d 875

**David A. JONES, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Consolidated Photographic Industries, Inc., (Perfect Photo, Inc.), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 363.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 28, 1970.

Rehearing Denied Oct. 22, 1970.
Review Denied Jan. 12, 1971.

1. This case was decided under the statutory law as it existed prior to January 1, 1969.

Holman, Lewis & MacArthur, by John D. Lewis, Tempe, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission.

Robert K. Park, Chief Counsel, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona.[1]

1. This case was decided under the law as it existed prior to January 1, 1969.

The Commission took evidence and determined that the petitioner had a 100% loss of earning capacity. It then awarded him permanent partial disability compensation under the terms of A.R.S. § 23–1044, subsec. C. We have reviewed the file and have determined that the Commission's finding of 100% loss of earning capacity was reasonably supported by the evidence.

The petitioner argues that he should have been compensated for permanent total disability under A.R.S. § 23–1045, subsec. B. We agree with petitioner.

The legal issue raised centers on the interpretation of the word "disability" appearing in A.R.S. § 23–1045, that is, whether that word refers to physical as opposed to working or earning capacity disability. In State Compensation Fund v. Cramer, 13 Ariz.App. 103, 474 P.2d 462 (filed September 24, 1970), Department B of this Court in a well-reasoned opinion authored by Judge Haire answers the question for us. Cramer holds that the disability is a working or earning capacity disability. Applying this interpretation, the same department of our Court in Dennis v. Industrial Commission, 13 Ariz.App. 259, 475 P.2d 744 (filed September 24, 1970), passed upon the identical question presented in this appeal. We agree with the holding in Dennis and apply it herein.

The Commission's finding that the injured workman suffered a 100% loss of earning capacity brings this case within the purview of A.R.S. § 23–1045, subsecs. B and D.

The award is set aside.

STEVENS and CAMERON, JJ., concur.